# Jackson *against* Wilson.

A personal service of a rule of reference is indispensable in all cases except when the party cannot be found, and has no agent or attorney.

ERROR to the Common Pleas of *Huntingdon* county.

Thomas Jackson and James Entriken, assignees of Jonathan Leslie, against Andrew P. Wilson and Joseph Jones. This was

VII. — 32

an action of covenant, in which the defendants entered a rule of reference, the proof of the service of which was that " he served the within rule to refer personally on Isaac Fisher, Esq., attorney for plaintiff, the 20th September 1842, by leaving an official copy of the same at Lewistown, at his office, in presence of F. C. Mecklin and T. Franks."

The arbitrators were chosen in the absence of the plaintiff, and they met and made an award in favour of the defendant. The plaintiff moved the court to set the same aside on the ground that there was not a legal service of the rule. But the court refused, and this writ of error was sued out.

*Fisher* and *Blanchard*, for plaintiff in error.
*Orbison* and *Miles*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—The 12th section of the Act of the 16th June 1836, directs, " that the manner of service of a rule of reference shall be by giving a copy of the rule to the party personally, his agent or attorney; or if the party cannot be found, and have no agent or attorney, by leaving such copy at his last place of abode." A personal service, therefore, is indispensable in all cases except where the party cannot be found, and where he has no agent or attorney. But where, as here, he can be found, and has an attorney, leaving a copy will not answer the purpose, but the service must be personal on the party or the agent. The only inquiry, therefore, is, has this course been pursued? and it is very plain that it has not; and whether the mistake has arisen from ignorance or design is totally immaterial. The affidavit states that the rule was served personally on Mr Fisher, attorney for plaintiff, the 20th September 1842; and had it stopped there, it would be in conformity to the Act. But the affidavit proceeds to explain the manner of service to have been by leaving an official copy at Lewistown at his (Fisher's) office, in presence of F. C. Mecklin and T. Franks. This the witness erroneously calls a personal service, whereas it is manifest that the only service was by leaving a copy at the usual place of business of the attorney, and in his absence. The affidavit will admit of no other construction without doing violence to the sense, and this we are not inclined to do when the effect of it will be to deprive the party of a trial by jury.

Judgment reversed, and *procedendo* awarded.